UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARMANDO HERNANDEZ CUENCA,

              Petitioner,

v.

UNKNOWN PARTY et al.,

              Respondents.

_____/

Case No. 1:26-cv-1252

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.3.)

In an order entered on April 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 8.) Respondents filed their response and a recording of the March 30, 2026, bond hearing on April 22, 2026. (Resp., ECF No. 6; Recording of Mar. 30, 2026, Bond Hearing, filed on Apr. 22, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2004. Op., *Hernandez Cuenca v. Raycraft* (*Hernandez Cuenca I*), No. 1:26-cv-713 (W.D. Mich Mar. 26, 2026). On October 8, 2025, Petitioner was arrested by ICE in Chicago. *Id.*

On March 4, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Hernandez Cuenca I*. In *Hernandez Cuenca I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Hernandez Cuenca I*, (W.D. Mich. Mar. 26, 2026), (ECF Nos. 9, 10).

On March 30, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 9-2, PageID.55) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "[Petitioner] is a flight risk. [Petitioner] has a removal order and all applications for relief were previously denied." (*Id.*)

## III.    Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on March 30, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that "[Petitioner] is a flight risk. [Petitioner] has a removal order and all applications for relief were previously denied." (*Id.*) In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that

"[t]he Immigration Judge failed to properly consider critical evidence demonstrating Petitioner is not a flight risk." (Pet., ECF No. 1, PageID.2.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 9, PageID.47–50.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the

3

proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:        May 1, 2026                            /s/ Jane M. Beckering
                                                      Jane M. Beckering
                                                      United States District Judge